# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HEUSLEIN; BONNIE HEUSLEIN,<br><br>     Plaintiffs,<br><br>vs.<br><br>CHASE BANK U.S.A., N.A.; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES; and DOES 1-10,<br><br>     Defendants. | CASE NO. 09-CV-1292-IEG (RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT**<br><br>**(Doc. Nos. 4 and 6)** |

Presently before the court are defendant Chase Bank U.S.A., N.A.'s ("Chase") and defendant First American Loanstar Trustee Services's ("First American") respective motions to dismiss Plaintiffs' complaint, or alternatively for a more definite statement. For the reasons stated herein, the Court grants the motions to dismiss and denies the motions for more definite statement as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs William and Bonnie Heuslein, proceeding *pro se*, bring this suit in an apparent attempt to, *inter alia*, stop a foreclosure pursuant to the deed of trust ("Deed") on their home, located at 9894 Mizpah Lane, Descanso, California, 91916 (the "Property").

Plaintiffs executed a promissory note, dated July 25, 2007, in exchange for a loan they received from Chase. The note was secured by the Deed, which was recorded on August 3, 2007 in the San Diego County Recorder's Office. The deed indicates Plaintiffs' loan obligation was $649,000 and identifies Plaintiffs as the borrower, Chase as the lender, and Southland Title Company as the trustee.

Plaintiffs defaulted on their loan obligation, and First American recorded a notice of default and election to sell under deed of trust with the San Diego County Recorder's Office on March 20, 2009, as instrument number 2009-0139928. In a Substitution of Trustee recorded on April 22, 2009, Chase substituted First American as the new trustee under the deed. Chase assigned the Deed and note to J.P. Morgan Chase Bank, N.A. in an instrument recorded on May 1, 2009. First American issued and recorded a Notice of Trustee's Sale on June 25, 2009.

Plaintiff filed the instant complaint on June 15, 2009.  (Doc. No. 1.)  Chase filed its motion to dismiss the complaint on July 29, 2009.  (Doc. No. 4.)  First American filed its motion to dismiss the complaint on July 30, 2009.  (Doc. No. 6.)  Plaintiffs have not filed an opposition to either motion. Chase has nevertheless filed a "reply" in support of its motion.  (Doc. No. 7.)  The Court finds both motions suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

## **DISCUSSION**

Defendants have moved to dismiss Plaintiffs' complaint on the grounds that it does not comply with Federal Rule of Procedure 8 and that it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

I.      Legal Standards

   A.      Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 sets forth the requirements for a pleading:

(a) Claim for Relief.  A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

[...]

(d) Pleading to Be Concise and Direct . . . .

> (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

---

[1] As the Court's dismissal of the complaint is dispositive, Defendants' motions for more definite statement are denied as moot.

Courts have dismissed complaints as violative of Rule 8 when the pleading was highly repetitious, confused, or consisted of incomprehensible rambling. See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (affirming the dismissal of a forty-eight page complaint for failure to comply with Rule 8); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 (3d ed. 2004) (collecting cases).

### B.      Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). A complaint survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950.

However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (citing Twombly, 550 U.S. at 557). The Court recognizes the mandate to construe a *pro se* plaintiff's pleadings liberally in determining

whether a claim has been stated. <u>Ortez v. Washington County</u>, 88 F.3d 804, 807 (9th Cir. 1996).

## II. Request for Judicial Notice

Chase has filed a request for judicial notice asking the Court to judicially notice several documents recorded in the San Diego County Recorder's Office: (1) The Deed of Trust in favor of Chase securing and referring to a Note dated July 25, 2007 in the amount of $649,999, recorded on August 3, 2007; (2) The Notice of Default and Election to Sell Under Deed of Trust by First American Title Insurance Company, recorded March 20, 2009; (3) The Substitution of Trustee substituting First American for original trustee Southland Title Company, recorded April 22, 2009; (4) The Assignment of the Deed from Chase to J.P. Morgan Chase Bank, N.A., recorded on May 1, 2009; and (5) The Notice of Trustee's Sale recorded June 25, 2009. In ruling on a motion to dismiss for failure to state a claim, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). Accordingly, a court may consider matters of public record on a motion to dismiss, and in doing so "does not convert a Rule 12(b)(6) motion to one for summary judgment." <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. Cal. 1986), abrogated on other grounds by <u>Astoria Federal Savings and Loan Ass'n v. Solimino</u>, 501 U.S. 104, 111 (1991). The documents Chase has produced are public records subject to judicial notice under Fed. R. Evid. 201. The Court therefore grants Chase's request for judicial notice.

## III. Motions to Dismiss

Upon careful review of the complaint, the Court finds that it fails to set forth a "short and plain statement [of each] claim showing that [Plaintiffs] are entitled to relief" as required by Fed. R. Civ. P. 8(a), and that the allegations are not "simple, concise, and direct" as required by Fed. R. Civ. P. 8(d). "Rule 8's liberal notice pleading standard . . . requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Pickern v. Pier 1 Imps. (U.S.), Inc.</u>, 457 F.3d 963, 968 (9th Cir. 2006).

Here, the complaint fails to give Defendants adequate notice of the claims asserted against them. Plaintiff's allegations against Defendants are scattered haphazardly throughout a forty-three page complaint. While the complaint's caption indicates Plaintiffs seek relief for "Violation of GAAP,

RESPA, TILA and California UCC; Violation of the Fair Debt Collection Practices Act; [and] Wrongful Eviction[,]" much later in the complaint Plaintiffs baldy list the "Counts Charged" as:

> I. Collection attempts under color of law
> II. Conspiracy to commit extortion
> III. Securities Fraud
> IV. Conversion of Funds
> V. 42 USC civil right(s) breaches
> VI. Deprivation of Constitutional Rights and Privileges (42 U.S.C. [§]1983)
> VII. Conspiracy to Deprive Persons of Equal Protection of the Laws (42 U.S.C. [§]1985)
> VIII. Deprivation of Equal Rights Under the Law (42 U.S.C. [§]1981)
> IX. Conspiracy Against Rights (18 U.S.C. [§] 241)
> X. Deprivation of Rights Under Color of Law (18 U.S.C. [§]242)
> XI. False Statements and Representation (18 U.S.C. [§]1001)

(Compl. at 37.) The complaint's actual substantive content is a rambling narrative that fails to conspicuously label any claim for relief, briefly touches on a multitude of legal theories, and sets forth a litany of cases, statutes and other authorities that purportedly support Plaintiffs' claims. The following excerpt typifies Plaintiffs' allegations:

> Specifically we have claimed what the bank has implied as understood in its written agreement to be its own valuable consideration to obtain Plaintiffs' note is actually the unauthorized taking and use of it, without his knowledge, consent or written agreement and understanding it was to be so used, and the bank's fraudulent conversion of Plaintiff(s)' note as an asset into the bank, the liability to which is then 'monetized' by the bank's power to expand its credit, "create" "credit money," "checkbook money[,"] so, as stated by the Federal Reserve bank of Chicago, "new money is brought into existence by expansion of depository institution credit." The giving of that as "the bank's" loan consideration to legally obtain Plaintiff(s)' note. We contend the bookkeeping of this loan we will request in discovery must by provided by the Defendant(s), will show that we received nothing from the bank that did not come from what the bank had first taken or borrowed from us.

(Compl. at 21-22.) Moreover, the body of the complaint fails to clearly designate which particular claims Plaintiffs assert against which defendant. As such, the Court grants Defendants' motions to dismiss the complaint.[2]

---

[2] First American argues all causes of action Plaintiffs have brought against it are barred by the litigation privilege of Cal. Civ. Code § 47(b) insofar as that litigation privilege "is made applicable in trustee sale proceedings by Cal. [Civ.] Code § 2924(d)." (First American's Motion to Dismiss at 4.) As it is not clear which causes of action Plaintiffs seek to assert against First American, and the complaint is equally unclear regarding the specific conduct giving rise to those indefinite causes of

IV.   Leave to Amend

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  Because the Court finds amendment would not be futile, Plaintiffs are granted leave to file a first amended complaint.

Any amended complaint Plaintiffs file must clearly set forth all causes of action, and indicate which defendant(s) are implicated by each cause of action.  With respect to each cause of action, the amended complaint must include a short, simple, concise, and direct statement respecting the alleged wrongdoing of each defendant.  Moreover, the facts alleged with respect to each cause of action must plausibly give rise to an entitlement to relief.  Plaintiffs are cautioned their amended complaint must be complete in itself, without relying on references to the original complaint. Plaintiffs are further cautioned any defendant not named or claim not re-alleged will be considered waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**CONCLUSION**

Based on the foregoing, Defendants' motions to dismiss the complaint are GRANTED, Chase's request for judicial notice is GRANTED, and Plaintiffs' complaint is hereby DISMISSED WITHOUT PREJUDICE. Defendants' motions for more definite statement are DENIED AS MOOT. Plaintiffs may file a first amended complaint curing the deficiencies set forth herein on or before **October 23, 2009**.

**IT IS SO ORDERED.**

**DATED: September 24, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

action, the Court declines to reach the issue of First American's immunity at this point.