# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM & BONNIE HEUSLEIN,<br><br>                               Plaintiffs,<br>vs.<br><br>CHASE BANK USA, N.A.; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES; and DOES 1-10 ,<br><br>                               Defendants. | CASE NO. 09-CV-1292-IEG (RBB)<br><br>**ORDER GRANTING DEFENDANT CHASE BANK USA, N.A.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO AMEND**<br><br>[Doc. No. 10] |

Presently before the Court is Defendant Chase Bank USA, N.A.'s ("Chase") motion to dismiss Plaintiffs' Complaint for failure to amend. (Doc. No. 10.) Plaintiffs did not file an opposition, and Defendant filed a reply regarding the non-opposition.

Notwithstanding Plaintiffs' failure to respond, the Court reviews the motion on the merits to ensure dismissal is appropriate. The Court finds the motion appropriate for disposition without oral argument pursuant to Civil Local Rule 7.1(d). For the reasons set forth herein, the Court GRANTS Defendant's motion.

## BACKGROUND

On June 15, 2009, Plaintiffs William and Bonnie Heuslein ("Plaintiffs"), proceeding *pro se*, filed a complaint against Defendants Chase Bank USA, N.A., First American Loanstar Trustee Services, and Does 1-10 relating to a mortgage secured by Plaintiffs' real property. (Doc. No. 1.)

1  Defendants each filed a motion to dismiss, or alternatively for a more definite statement. (Doc. Nos.
2  4 & 6.) On September 24, 2009, the Court issued an order dismissing Plaintiffs' Complaint without
3  prejudice, with leave to file an amended complaint on or before October 23, 2009. (Doc. No. 9.) To
4  date, Plaintiffs have not filed a first amended complaint or requested additional time to amend.

5  Subsequently, on November 17, 2009, Chase filed a motion to dismiss for failure to amend,
6  requesting the Court dismiss the Complaint with prejudice. (Doc. No. 10.)

## DISCUSSION

8  Chase argues that Plaintiffs' failure to amend by the date specified in the Court's September
9  24, 2009 Order should be treated as their consent to dismissal with prejudice pursuant to Rule 41(b)
10 of the Federal Rules of Civil Procedure. Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

14 Fed. R. Civ. P. 41(b) (2009). A Rule 41(b) dismissal is a sanction to be imposed only in "extreme
15 circumstances." Edwards v. Marin Park, Inc. 356 F.3d 1058, 1064 (9th Cir. 2004) (quoting Dahl v.
16 City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

17 "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district
18 judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal
19 for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. Cal.
20 Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). This approach, however, is "somewhat problematic
21 because a plaintiff's failure to amend a complaint is not easily described as disobeying a court order,
22 because the plaintiff has the right simply to allow the complaint to be dismissed." Edwards, 356 F.3d
23 at 1064 (quoting Yourish, 191 F.3d at 986 n. 4)). Thus, dismissal is limited to circumstances in which
24 the plaintiff did not give the court notice of intent not to file an amended complaint, but instead simply
25 failed to take any action. Edwards, 356 F.3d at 1065.

26 Because Plaintiffs in this case did not give the Court notice of intent not to file an amended
27 complaint, Rule 41(b) dismissal may be appropriate. The Court must weigh five factors: "(1) the
28 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate where at least four factors support dismissal or at least three factors "strongly" support dismissal. Id. at 1261.

Here, all the factors except one weigh in favor of dismissal. The first two factors - expeditious resolution of this litigation and the Court's need to manage its docket - favor dismissal in this case, as in most cases. See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Plaintiff filed the Complaint seven months ago, and since that time the Court has devoted time and resources to the case. The Court's September 24, 2009 Order granted leave to amend and set forth what Plaintiffs must do in order to cure the defects in the Complaint. Plaintiffs did not file an amended complaint, did not request additional time to file an amended complaint, and did not oppose this motion.

The third factor - risk of prejudice to defendants - also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to the Defendant from unreasonable delay in prosecuting an action. In re Eisen, 31 F.3d 1447, 1152 (9th Cir. 1994). Plaintiffs have not offered a reason for their failure to amend.

The fourth factor - the public policy favoring disposition of cases on their merits, always weighs against dismissal.

The fifth factor - the availability of less drastic alternatives - weighs slightly in favor of dismissal. The Court's September 24, 2009 Order provided that Plaintiffs "may" file an amended complaint, and the Court did not warn Plaintiffs that failure to amend would result in dismissal with prejudice. However, Chase's noticed motion to dismiss gave Plaintiffs notice that its case could be dismissed with prejudice, and Plaintiffs did not oppose the motion. Also, Plaintiffs at no time requested additional time to amend.

Thus, four of the five factors weigh in favor of 41(b) dismissal.

//
//
//
//

**CONCLUSION**

The Court GRANTS Chase's motion to dismiss Plaintiffs' Complaint for failure to amend and dismisses the case with prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED.**

**DATED: January 13, 2010**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**